**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **TERESA L. FREEMAN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 09-CV-554-TLW |
| | ) |
| **MICHAEL J. ASTRUE,** | ) |
| **Commissioner of Social Security** | ) |
| **Administration,** | ) |
| | ) |
| **Defendant.** | ) |

**OPINION AND ORDER**

Plaintiff Teresa L. Freeman seeks judicial review of a decision of the Commissioner of the Social Security Administration denying her claim for Disability Insurance Benefits ("DIB") and supplemental security income ("SSI") benefits under Titles II and XVI of the Social Security Act ("SSA"), 42 U.S.C. §§ 416(i), 423, and 1382c(a)(3)(A).  In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge. (Dkt. # 9).

**Introduction**

A claimant for disability benefits bears the burden of proving a disability. 42 U.S.C. § 423 (d)(5); 20 C.F.R. §§ 404.1512(a), 416.912(a).  "Disabled" is defined under the Act as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).  To meet this burden, plaintiff must provide medical evidence of his or her impairment and the severity of the impairment during the time of the alleged disability. 20

C.F.R. §§ 404.1512(b), 416.912(b). A disability is a physical or mental impairment "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423 (d)(3). "A physical impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by [an individual's] statement of symptoms." 20 C.F.R. §§ 404.1508, 416.908. The evidence must come from "acceptable medical sources" such as licensed and certified psychologists and licensed physicians. 20 C.F.R. §§ 404.1513(a), 416.913(a).

## Issues

Plaintiff identifies two issues of error, stating that the ALJ failed to perform: (1) a proper evaluation of the opinion of the treating physician; and (2) a proper credibility determination. (Dkt. # 16 at 2).

## Analysis

The role of the Court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. See Briggs ex. rel. Briggs v. Massanari, 248 F.3d 1235, 1237 (10th Cir. 2001); Winfrey v. Chater, 92 F.3d 1017, 1019 (10th Cir. 1996); and Castellano v. Secretary of Health & Human Serv., 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). "Evidence is insubstantial if it is overwhelmingly contradicted by other evidence." O'Dell v. Shalala, 44 F.3d 855, 858 (10th Cir. 1994). The Court is to consider whether the ALJ followed the "specific

rules of law that must be followed in weighing particular types of evidence in disability cases," but the Court will not reweigh the evidence or substitute its judgment for that of the ALJ. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007).

First, plaintiff contends that the ALJ failed to perform a proper analysis of the opinion of her treating physician. Plaintiff alleges her "treating physician was Jim Martin, MD." (Dkt. # 16 at 2). Alternatively, plaintiff argues that even if Dr. Martin is not a treating physician, he is an "examining physician whose opinion is worthy of consideration and weight." (Dkt. # 16 at 3). The Court disagrees with both of plaintiff's contentions.

The regulations offer specific guidance regarding whether or not a physician is to be considered a "treating" physician:

> Treating source means your own physician, psychologist, or other acceptable medical source who provides you, or has provided you, with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with you. Generally, we will consider that you have an ongoing treatment relationship with an acceptable medical source when the medical evidence establishes that you see, or have seen, the source with a frequency consistent with accepted medical practice for the type of treatment and/or evaluation required for your medical condition(s).

20 C.F.R. § 404.1502. See also 20 C.F.R. §§ 404.1502 and 416.902 (a treating physician is someone who either presently, or in the past, has provided medical treatment to a disability claimant in the context of an ongoing relationship). A non-treating physician is one "who has examined you but does not have, or did not have, an ongoing treatment relationship with you." 20 C.F.R. §§ 404.1502, 416.902.

Plaintiff saw Dr. Martin on only three occasions, February 12, 2007, February 19, 2007, and June 15, 2007. (R. 174-180). All three of plaintiff's visits to Dr. Martin were related to plaintiff's workers' compensation claim, and the only documents in the Record that evidence these visits are Dr. Martin's letters to plaintiff's workers' compensation attorney. Id. On

3

February 13, 2007, Dr. Martin wrote to counsel for plaintiff regarding his February 12, 2007 examination of plaintiff. In this letter, Dr. Martin summarizes plaintiff's complaints regarding her back pain and recounts his physical examination. (R. 178-79). Dr. Martin concludes that plaintiff should be treated "with physical therapy and medications, to include Lortab, a narcotic analgesic, and Soma, a muscle relaxant, . . . [that] if she does not improve with conservative measures, [he] will obtain an MRI of her lumbar spine, . . . [that] she is definitely 100% temporarily totally disabled, [and that] [h]er future period of temporary disability is undetermined, pending further treatment and evaluation, . . .." (R. 179).

On February 20, 2007, Dr. Martin wrote a second letter to plaintiff's workers' compensation counsel regarding his February 19, 2007 examination of plaintiff. Dr. Martin stated:

> Thus far, the patient has only had three sessions of physical therapy, and she continues to have severe pain, limited and painful motion of her lumbar spine with evidence of radiculopathy affecting her left hip and lower extremity.
>
> . . .
>
> After re-evaluating this patient, it is my opinion that she continues to be 100% temporarily totally disabled, and will be for an indefinite period of time, pending further treatment and evaluation.

(R. 177). On June 15, 2007, Dr. Martin wrote a third letter to plaintiff's workers' compensation attorney regarding his examination of plaintiff on the same day. The June 15 examination was the final time that plaintiff saw Dr. Martin. In the letter, Dr. Martin states:

> I have indicated to [plaintiff] the necessity of moving on with this case and trying to get the CT scan to determine the nature of her back injury. Also, I have suggested that she consider neurosurgical consultation. Regardless, it is my opinion that she continues to be 100% temporarily totally disabled at this time, and will be for an indefinite period of time, pending further treatment and evaluation.

(R. 175).

4

Initially, the Court is dubious as to whether three office visits for a "severe" back injury in the context of a workers' compensation case could establish a treating physician relationship under any circumstances. Even assuming that it could, the facts here establish that the ALJ's decision <u>not</u> to consider Dr. Martin a "treating physician" is supported by substantial evidence. First, it is clear from Dr. Martin's letters that he only saw plaintiff for the purpose of evaluating her physical condition in connection with plaintiff's workers' compensation claim, not as part of an ongoing physician/patient relationship. Second, the limited scope of Dr. Martin's relationship with plaintiff prevented him from reaching any conclusion regarding plaintiff's long term physical condition. Rather, Dr. Martin stated in each of his three letters that plaintiff was "100% <u>temporarily</u> totally disabled . . . <u>pending</u> further treatment and evaluation." (R. 177, 179) (emphasis added). Third, in his final letter, Dr. Martin states that <u>plaintiff</u> needs to pursue actions that will allow a complete diagnosis of her injury, informing plaintiff's counsel that he "indicated to [plaintiff] the necessity of moving on with this case and trying to get the CT scan to determine the nature of her back injury." Dr. Martin made this comment after only seeing plaintiff three times and, as importantly, after a four month period in which he did not see plaintiff at all. Certainly, the fact that Dr. Martin never determined "the nature" of plaintiff's injury or whether her "disability" was anything more than temporary, pending a full diagnosis, evidences a limited relationship between him and plaintiff. Thus, each of Dr. Martin's letters provides substantial evidence that he viewed his role narrowly and not as a treating physician (as that term is used by the regulations). Likewise, plaintiff's actions also evidence a more limited relationship. For example, notwithstanding the interim nature of Dr. Martin's diagnosis and his instructions to plaintiff that she needed to "move on with this case," plaintiff did not see Dr.

5

Martin again. Thus, neither plaintiff's actions, nor Dr. Martin's statements in his letters to plaintiff's counsel, were consistent with a "treating physician" relationship.

Based on the foregoing, there is substantial evidence to support the ALJ conclusions that plaintiff did not see Dr. Martin ". . . with a frequency consistent with accepted medical practice for the type of treatment and/or evaluation required for [plaintiff's] medical condition(s)." Rather, Dr. Martin clearly acted as a non-treating physician for consultation related only to plaintiff's workers' compensation claim. He "examined [plaintiff] but . . . did not have an ongoing treatment relationship with her." 20 C.F.R. §§ 404.1502, 416.902.

Plaintiff next argues that even if Dr. Martin is not a treating physician, he is an "examining physician whose opinion is worthy of consideration and weight." (Dkt. # 16 at 3). The "opinion" that plaintiff argues should be given "consideration and weight" is Dr. Martin's statement that plaintiff was "100% temporarily totally disabled." The ALJ did not commit error by failing to give this opinion weight.[1]

"Disabled" is defined under the Act as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The last time Dr. Martin saw plaintiff was only four months after the alleged onset date. At that time, Dr. Martin found plaintiff to be "100% temporarily totally disabled, pending further treatment and evaluation." (emphasis added). Nothing in Dr. Martin's letters indicates that he viewed plaintiff's disability to be anything but temporary, so long as plaintiff sought treatment. In fact, Dr. Martin made clear that "the nature" of plaintiff's back injury was yet to be determined, and nowhere does Dr. Martin

---

[1] Contrary to plaintiff's contention, the ALJ did consider Dr. Martin's opinion. (R. 286-287).

opine or conclude that plaintiff's disability will be "for a continuous period of not less than 12 months." Thus, Dr. Martin's opinion could not have been intended, or used, to address plaintiff's disability status under the Act, and the ALJ did not, therefore, commit error in failing to accord Dr. Martin's opinion that plaintiff was "100% temporarily totally disabled" any weight.

Moreover, a disability determination is ultimately a legal conclusion,[2] and a treating physician's opinion that a claimant is disabled is not dispositive. The "final responsibility for determining the ultimate issue of disability is reserved to the [Commissioner]." Kellogg v. Barnhart, 33 Fed.Appx. 459 (10th Cir. 2002) (citing Castellano v. Sec'y of Health & Human Servs., 26 F.3d 1027, 1029 (10th Cir. 1994)). The Tenth Circuit has held that a treating physician's opinion must be given substantial weight "unless good cause is shown to the contrary." Bernal v. Bowen, 851 F.2d 297, 301 (10th Cir. 1988) (citing Frey v. Bowen, 816 F.2d at 513). In fact, "a treating physician's report may be rejected if it is brief, conclusory and unsupported by medical evidence." Oldman v. Astrue, 509 F.3d 1254, 1258 (10th Cir. 2007).[3] The only portion of Dr. Martin's letter on which plaintiff relies is Dr. Martin's conclusion that plaintiff is "100% temporarily totally disabled." Even were this opinion intended to provide guidance for purposes of a disability determination under the Act, it is a bare legal conclusion in the context of this case. Dr. Martin provided no information, in any of his letters, regarding the specific limitations that resulted from plaintiff's injury, and he failed to identify how long those

---

[2] "Opinions that you are disabled. We are responsible for making the determination or decision about whether you meet the statutory definition of disability. In so doing, we review all of the medical findings and other evidence that support a medical source's statement that you are disabled. A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled." 20 C.F.R. §§ 404.1527(e)(1), 416.927(e)(1).

[3] Holding that, "[W]ell-supported medical evidence satisfies the requirement that the ALJ's decision be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight. That the ALJ did not explicitly discuss all the § 404.1527(d) factors for each of the medical opinions before him does not prevent this court from according his decision meaning review." Id.

limitations could be expected to last. Thus, even were Dr. Martin a treating physician, the ALJ was not obligated to give his bare legal conclusion, that plaintiff was "100% temporarily totally disabled," any weight in the context of this case.

The final issue raised by plaintiff is that the ALJ did not conduct a proper credibility determination. The undersigned disagrees. An ALJ's credibility findings warrant particular deference, because she is uniquely able to observe the demeanor and gauge the physical abilities of the claimant in a direct and unmediated fashion. White v. Barnhart, 287 F.3d 903, 909 (10th Cir. 2002); Gay v. Sullivan, 986 F.2d 1336, 1341 (10th Cir. 1993). The ALJ's judgment in this respect will stand if supported by sufficient evidence. Gay v. Sullivan, 986 F.2d 1336, 1341 (10th Cir. 1993).

The ALJ found that plaintiff's symptoms were not credible to the extent they were inconsistent with the residual functional capacity assessment. (R. 286). Specifically, the ALJ found as follows:

> The claimant's testimony was not wholly credible. She testified that she has problems with her hands, but there is no explanation for this in the medical records, including the findings regarding her thoracic and lumbar spine. In fact, Dr. G. Bryant Boyd wrote that Ms. Freeman was able to user[sic] her hands for gross and fine manipulation (Exhibit 6F, p. 3).
>
> . . .
>
> It is noteworthy that while the claimant's worker's compensation proceeds, she has still not undergone any surgery or other procedure that might be expected if her impairment was as serious as she alleges.

(R. 286-87).

The ALJ acted within her discretion when she noted, as part of her credibility determination, that there was an absence of objective medical evidence to support plaintiff's complaints regarding the degree of pain in her hands. See Luna v. Bowen, 834 F. 2d 161, 165

(10th Cir. 1987) (availability of objective medical evidence is a factor the court may consider). The ALJ cited Dr. Boyd's examination in support of this finding. Dr. Boyd's examination supports the ALJ's credibility decision and constitutes substantial evidence.

In addition, the ALJ properly considered the fact that plaintiff had not undergone surgery or other procedures in evaluating plaintiff's credibility.  See Diaz v. Secretary of Health & Human Servs., 898 F.2d 774, 777 (10th Cir.1990) (Secretary properly discounted claimant's alleged impairment due to poorly controlled seizures where claimant failed to follow prescribed treatment regime).  By way of example, Dr. Martin informed plaintiff of "the necessity of moving on with this case and trying to get the CT scan to determine the nature of her back injury."  Plaintiff failed to do so.  In addition, the majority of plaintiff's medical records reflect prescriptions for pain medication and physical therapy, establishing a conservative approach by her doctors.  (R. 165-66).  The ALJ found that such an approach was inconsistent with plaintiff's complaints.  The ALJ's finding in this regard was also supported by substantial evidence.

Thus, the Court finds that the ALJ did not commit error in making her credibility determination, since that determination was supported by substantial evidence.

## Conclusion

Based on the foregoing, the Court AFFIRMS the decision of the Commissioner denying disability benefits to plaintiff.

SO ORDERED this 16th day of December, 2010.

_____
T. Lane Wilson
United States Magistrate Judge

9